UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x
UNITED STATES OF AMERICA,                             :
                                                      :
                    Plaintiff,                        :    **MEMORANDUM &**
                                                      :    **ORDER DENYING**
         -against-                                    :    **DEFENDANT'S MOTION**
                                                      :    **FOR SENTENCE**
JOHNNY BELTRE,                                        :    **REDUCTION**
                                                      :
                    Defendant.                        :    3:16-CR-42-1 (VDO)
------------------------------------------------------------------ x

**VERNON D. OLIVER**, United States District Judge:

Before the Court is a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c) and Amendment 821 to the United States Sentencing Guidelines filed *pro se* by Defendant Johnny Beltre. (ECF No. 121.) The Government opposes. (ECF No. 124.) After careful consideration of the record, including the parties' briefing and the United States Probation Office's supplement to the Presentence Investigation Report (Suppl. PSR, ECF No. 123), the Court **denies** Beltre's motion.

**I.     BACKGROUND**

On January 22, 2018, pursuant to a plea agreement with the Government, Beltre pleaded guilty to conspiracy to distribute and to possess with intent to distribute a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(l)(C). (ECF Nos. 90–94.) Beltre stipulated that his conduct involved at least three kilograms, but less than 10 kilograms, of heroin. (ECF No. 93 at 3.) The sentencing court accepted the plea, finding that it was knowingly, voluntarily, and intelligently made with the effective assistance of counsel. (ECF No. 98.)

Beltre's Sentencing Guidelines imprisonment range was 108 to 135 months, based on an offense level of 31 and a criminal history category of I. (ECF No. 102 at 18.) The Government urged the sentencing court to impose a significant prison sentence, submitting that it would be reasonable, appropriate, and necessary to achieve the purposes of sentencing under 18 U.S.C. § 3553(a). (ECF No. 105 at 10–12.) Beltre sought a sentence of three years' imprisonment to run concurrently with his New York State conviction. (ECF No. 104 at 1.)

At a sentencing hearing in April 2018, Judge Bryant imposed a sentence of 108 months' imprisonment, to be served concurrently with the sentence imposed by the State of New York, followed by three years of supervised release. (ECF No. 114 at 1.) Beltre is currently incarcerated, with an expected release date of June 10, 2024. (ECF No. 121 at 1.)

## II.  LEGAL STANDARD

"With limited exceptions, 'a judgment of conviction that includes [a sentence to a term of imprisonment] constitutes a final judgment,' and a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Zapatero*, 961 F.3d 123, 127 (2d Cir. 2020) (alteration in original) (quoting 18 U.S.C. § 3582(b)–(c)). Section 3582(c)(2) of Title 18 provides a "'narrow exception' to this general rule of finality," *id.*, providing that "where a defendant was sentenced to a term of imprisonment based on a sentencing guidelines range that was subsequently lowered by the Sentencing Commission, a court may reduce the term of imprisonment 'after considering the factors set forth in section 3553(a) . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Martin*, 974 F.3d 124, 136 (2d Cir. 2020) (alteration in original) (quoting 18 U.S.C. § 3582(c)(2)).

Amendment 821 to the United States Sentencing Guidelines Manual, effective November 1, 2023, applies retroactively to "change[] the way a defendant's criminal history category is calculated." *United States v. Blackwell*, No. 3:20-CR-126-4 (OAW), 2024 WL 489155, at *1 (D. Conn. Feb. 8, 2024). In determining whether to apply a retroactive Guidelines amendment to a defendant's sentence, "courts must arrive at two conclusions before reducing a sentence: first, the court must find that a defendant is eligible for a reduction; and second, the court, in its discretion, must find that a reduction is merited." *Id.* (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

### III.   BELTRE IS NOT ELIGIBLE FOR A REDUCTION IN SENTENCE

Beltre argues that he qualifies for a two-point reduction under Amendment 821, Part B, Subpart 1, and thus, the Court should exercise discretion to reduce his sentence. (ECF No. 121 at 3.)

Part B of Amendment 821 added section 4C1.1 to Chapter 4 of the Guidelines, which "provides a two-point offense level reduction for certain so-called 'zero-point offenders,' *i.e.*, defendants who have no criminal history points under Chapter Four, Part A, of the Guidelines." *United States v. Sardarova*, No. 20-CR-681 (JPC), 2024 WL 259775, at *1 (S.D.N.Y. Jan. 12, 2024). To qualify for a reduction in sentence under Amendment 821, a defendant must meet certain criteria, including that he "did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. [§]848." U.S.S.G. § 4C1.1(a)(10).[1]

---

[1] A defendant must satisfy all of the following criteria:
    1) The defendant did not receive any criminal history points from Chapter Four, Part A;
    2) The defendant did not receive an adjustment under § 3A1.4 (Terrorism);

3

The sentencing court adopted the presentence investigation report without change, accepting the United States Probation Office's calculation that Beltre's total offense level was 31. (Suppl. PSR at 2.) The computation was derived from a base offense level of 32 pursuant to U.S.S.G. §2D1.1(c)(4) as the offense involved at least three but less than ten kilograms of heroin, a two-level leadership role enhancement pursuant to U.S.S.G. § 3B1.1(c), and a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. (*Id.*)

As relevant here for the motion, Beltre received a managerial role adjustment under § 3B1.1. (Suppl. PSR at 3; ECF No. 124 at 4.) Beltre's receipt of a leadership role enhancement precludes him from satisfying the criteria that a defendant did not receive an adjustment under § 3B1.1 (Aggravating Role), therefore rendering him ineligible for a reduction in sentence. *United States v. Barona Astaiza*, No. 16-CR-661-2 (ARR), 2024 WL 990109, at *1 (E.D.N.Y. Mar. 7, 2024) (citing U.S.S.G. § 4C1.1(a)) (collecting cases). And, because Beltre is ineligible for a sentence reduction, the Court need not weigh the factors set forth in section 3553(a) to

---

3) The defendant did not use violence or credible threats of violence in connection with the offense;
4) The offense did not result in death or serious bodily injury;
5) The instant offense of conviction is not a sex offense;
6) The defendant did not personally cause substantial financial hardship;
7) The defendant did not possess, receive, purchase, transport, transfer, sell or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
8) The instant offense of conviction is not covered by § 2H1.1 (Offense Involving Individual Human Rights);
9) The defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
10) The defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined at 21 U.S.C. § 848.

U.S.S.G. § 4C1.1; *see also Blackwell*, 2024 WL 489155, at *2 n.1.

determine whether a reduction is merited. *United States v. Torres*, No. 06-CR-987-07 (DC), 2024 WL 621554, at *1 (S.D.N.Y. Feb. 14, 2024).

IV. <u>**CONCLUSION**</u>

For the reasons discuss above, Beltre's motion for a reduction in his sentence under 18 U.S.C. § 3582(c)(2) (ECF No. 121) is **DENIED**.

**SO ORDERED.**

Hartford, Connecticut
April 3, 2024

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge